**ROBINS KAPLAN LLP**
Jason R. Fair, Bar No. 279699
JFair@RobinsKaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: 310 552 0130
Facsimile:  310 229 5800

Melissa M. D'Alelio (*Pro Hac Vice*)
MDAlelio@RobinsKaplan.com
800 Boylston Street, Suite 2500
Boston, Massachusetts 02199
Telephone: 617 267 2300
Facsimile:  617 267 8288

Attorneys for Defendants
LIBERTY MUTUAL GROUP, INC. and
WEST AMERICAN INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN APPLE EVENT COMPANY, INC., a California Company,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL GROUP, INC., a Massachusetts corporation; WEST AMERICAN INSURANCE COMPANY, an Indiana corporation; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:21-cv-06154 FMO (AFMx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER UNDER FRE 502**<br><br>[Action Removed July 30, 2021]<br><br>Date: November 18, 2021<br>Time: 10:00 AM<br>Place: Courtroom 6D<br>Judge: Honorable Fernando M. Olguin |

1. Pursuant to the agreement of the Parties under Fed. R. Evid. 502(e) and by Protective Order ("Order") of this Court under Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d), no disclosure, production, or exchange of Information, as defined herein, in connection with the above-captioned action (the "Litigation") shall

37254144.2

constitute a waiver of attorney-client privilege or of any work product protection in this or any other federal or state proceeding under any circumstances.

2. This Order applies to all documents and electronically stored information (as those terms are used in Fed. R. Civ. P. 34), the information contained therein, and all other information produced, disclosed, or exchanged by the Parties in connection with this Litigation, whether revealed in a document, electronically stored information, deposition, other testimony, discovery response or otherwise (collectively, "Information"). This Order should be interpreted to prevent waiver to the broadest extent possible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

3. This Order is entered pursuant to Federal Rule of Civil Procedure 26(c)(1) and is intended to protect the Parties to the Litigation, to the fullest extent permissible by law, against any waiver of the attorney-client privilege and/or the work product protection that might otherwise arise from the disclosure of privileged or protected Information. This Order is intended to override any contrary law or presumptions, if and as applicable and permissible. The Parties' agreement to this Order, and compliance with its terms, shall be understood, for all purposes within and outside this Litigation, to constitute reasonable and prompt efforts to preserve privileges and protections from discovery in respect to any disclosed privileged or protected Information.

4. This Order applies regardless of whether the Information describes or relates to actions taken in this Litigation, in prior or separate proceedings, or in other non-litigation matters.

5. A party receiving Information ("Receiving Party") is under a good faith obligation to promptly alert the Producing Party if Information that is produced, disclosed, exhibited, or communicated by a Producing Party appears to be privileged or work product-protected either on its face or in light of facts known to the Receiving Party.

37254144.2

[PROPOSED] STIPULATED PROTECTIVE
ORDER UNDER FRE 502
2:21-CV-06154 FMO(AFMX)

6. To effectuate a clawback, upon learning of the production of privileged or protected Information, the Party making a production ("Producing Party") shall promptly give all counsel of record written notice of the production. The Producing Party need not provide any explanation or evidence regarding the reasonableness of the efforts taken to prevent production of such Information, and the Receiving Party agrees that it will not challenge the reasonableness of such efforts. The notice shall identify the Information that was produced (including the format of the production—e.g., paper, electronically stored information) and the date(s) the Information was produced. If the Producing Party claims that only a portion of a document, electronically stored information or tangible thing produced is privileged or protected Information, the Producing Party shall also provide a new copy of the Information with the allegedly privileged or protected portions redacted.

7. Upon receiving notice of a production or upon determining that Information it received is known to be privileged or protected in whole or in part, the Receiving Party must promptly return, sequester, and/or destroy the Information and all copies and destroy any notes that reproduce, copy or otherwise reflect or disclose the substance of the privileged or work product-protected Information. Any such Information that may exist on any computer or back-up media which cannot be reasonably deleted may be retained until such time as the media is subject to routine deletion or destruction provided that no person attempts to access the contents of the Information unless allowed under the terms of this Order. Notwithstanding the foregoing, nothing in this Paragraph shall require any Party to violate its document retention policies as far as maintaining documents in their files. If the Receiving Party disclosed the privileged or work product-protected Information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such Information. This duty expires if this Court rules that the Information is not privileged or protected by the work product doctrine.

8. If the Receiving Party contests the claim of privilege or work product protection in good-faith, it may within ten (10) days of the Producing Party's written notice, seek determination from the Court as to the privileged or protected nature of the Information. Pending such challenge, a Receiving Party may retain a single copy of the document, record, or data and any related notes in a secure location, but the document, record, or data may not be discussed in any way prior to the Court's resolution of the challenge. Pending such a challenge, the Receiving Party may not use the protected Information in any way or disclose it to any person.

9. To the extent that any Party obtains any privileged Information through disclosure or communications, such Information may not be submitted to the Court or presented for admission into evidence or sought in discovery by that Party in this Litigation or in any other proceeding or action unless such filing is made under seal. If requested by the Receiving Party, the Producing Party shall provide the Information at issue to the Court for in camera review unless otherwise ordered by the Court.

10. If the Court sustains the claim that the Information disclosed, exchanged, produced, or discussed is privileged or work product-protected, the Receiving Party must, within ten (10) days of the Court's order, promptly return and/or destroy the Information and all copies and destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged or work product-protected Information. The Receiving Party shall advise the Producing Party in writing of the return and/or destruction. Notwithstanding the foregoing, nothing in this Paragraph shall require any Party to violate its document retention policies as far as maintaining documents in their files.

11. Nothing in this Order shall be construed to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance and responsiveness and/or require the production of any Information or

37254144.2

communication that a Party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Dated:     October 14, 2021          ROBINS KAPLAN LLP


By:/s/ Jason R. Fair
Melissa M. D'Alelio
Jason R. Fair

Attorneys for Defendants

Dated:     October 14, 2021          SHERNOFF BIDART ECHEVERRIA LLP


By:/s/ Steven Schuetze
Ricardo Echeverria
Steven Schuetze

Attorneys for Plaintiffs

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:     October 18, 2021

*[signature]*

HON. ALEXANDER F. MacKINNON

U.S. MAGISTRATE JUDGE

37254144.2

# PROOF OF SERVICE

I, Jason R. Fair, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, Suite 3400, Los Angeles, California 90067.

On October 14, 2021, I electronically filed the attached document:

**[PROPOSED] STIPULATED PROTECTIVE ORDER UNDER FRE 502**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

> RICARDO ECHEVERRIA
> CHARLES MAYR
> SHERNOFF BIDART ECHEVERRIA LLP
> 600 South Indian Hill Boulevard
> Claremont, California 91711
> Telephone: (909) 621-4935
> Facsimile: (909) 625-6915

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 14, 2021, at Los Angeles, California.

/s/ Jason R. Fair