1
**ROBINS KAPLAN LLP**
Jason R. Fair, Bar No. 279699
2
JFair@RobinsKaplan.com
2049 Century Park East, Suite 3400
3
Los Angeles, CA 90067
Telephone:   310 552 0130
4
Facsimile:   310 229 5800

5
Melissa M. D'Alelio (*Pro Hac Vice*)
MDAlelio@RobinsKaplan.com
6
800 Boylston Street, Suite 2500
Boston, Massachusetts  02199
7
Telephone:   617 267 2300
Facsimile:   617 267 8288
8
Attorneys for Defendants
9
LIBERTY MUTUAL GROUP, INC. and
WEST AMERICAN INSURANCE
10
COMPANY

11

12
UNITED STATES DISTRICT COURT

13
CENTRAL DISTRICT OF CALIFORNIA

14

15
| | |
|---|---|
| GREEN APPLE EVENT COMPANY, INC., a California Company, | Case No. 2:21-cv-06154 FMO (AFMx) |
| Plaintiff, | ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER |
| v. | [Action Removed July 30, 2021] |
| LIBERTY MUTUAL GROUP, INC., a Massachusetts corporation; WEST AMERICAN INSURANCE COMPANY, an Indiana corporation; and DOES 1-25, inclusive, | Date: November 18, 2021<br>Time: 10:00 AM<br>Place: Courtroom 6D<br>Judge: Honorable Fernando M. Olguin |
| Defendants. | |

16

17

18

19

20

21

22

23

24

25
    WHEREAS, the parties to the above-captioned action (the "Litigation") are

26
engaged in discovery proceedings, which include, among other things, taking

27
depositions and producing documents; and

28
37254149.3

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be private, confidential and sensitive commercial, financial, personal or business information;

IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned counsel, and ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulated Protective Order (the "Order") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

**Confidential Material**

1.1    Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such Producing Party reasonably believes in good faith that such Discovery Material shall include any nonpublic documents, tangible things, or information produced or otherwise exchanged in this Litigation which constitutes or contains proprietary or commercially sensitive business or financial information, trade secrets, personal information, private or personal information of any party's or third-party's customers, or  information that otherwise meets the standards for protection set forth in Fed. R. Civ. P. 26 ("Confidential Material").

1.2    Without limiting the forgoing and by way of example only, Confidential Material shall include but is not limited to: confidential insurance policy, underwriting and claims information, including but not limited to confidential information on pricing and policy formulation, premium calculations, and claim manuals; business and accounting records relating to profit and loss statements,

37254149.3

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:21-CV-06154 FMO(AFMX)

including but not limited to payroll, tax, revenue, income, equipment, transaction, and other financial data; and confidential information contained in personnel files, including information regarding salary and compensation; financial information, trade secrets, and private or personal information of any party's or third-party's customers; and information that otherwise meets the standards for protection set forth in Fed. R. Civ. P. 26.

**Scope**

2.1    The protections conferred by this Order cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material.

2.2    The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, provided such prior disclosure or public availability is not the result of wrongful or improper conduct, or in violation of a duty not to disclose.

2.3    This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from using or disclosing its own Discovery Material in any manner; or (ii) impose any restrictions on the use or disclosure by a person of documents, materials, or information designated as Confidential Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

2.4    The production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.  Any Party issuing a subpoena to a non-Party shall enclose a copy of this Order and notify the non-Party that the protections of this Order are available to such non-Party.

2.5    In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

**Designating Protected Material**

3.1    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, sections 3.1.2 and 3.3 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.  The designation of Discovery Material as Confidential Material shall be made in the following manner:

3.1.1    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

3.1.2    Testimony given in deposition or in other pretrial proceedings: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within thirty (30) days of receiving the transcript of the deposition or other pretrial testimony, designating portions of the transcript or exhibits thereto as Confidential.  All deposition transcripts shall be treated as Confidential for a period of thirty (30) days after the receipt of the transcript, except that this provision shall not prevent a deponent from reviewing his or her deposition transcript for purposes of review and signing and/or correcting the transcript. The court reporter shall mark transcripts as "Confidential" when so designated.

1    3.1.3    Other tangible items: by affixing in a prominent place on the

2    exterior of the container or containers in which the information or item is stored the

3    word "Confidential." If only a portion or portions of the information or item warrant

4    protection, the Producing Party, to the extent practicable, shall identify the protected

5    portion(s).

6        3.2    Good Faith in Designating Confidential Material.  The designation of

7    Discovery Material as Confidential Material shall constitute a representation that

8    such Discovery Material has been reviewed by an attorney representing the Party

9    making the designation, and that there is a good faith basis for such designation.

10       3.3    Inadvertent Failure to Designate.   Inadvertent failure to designate

11   Discovery Material as Confidential Material shall not, standing alone, constitute a

12   waiver of the Producing Party's right to secure protection under this agreement for

13   such material.

14       3.3.1  A Producing Party may designate as Confidential any Discovery

15   Material that the Producing Party inadvertently failed to designate as Confidential by

16   notifying in writing the Party to whom the production has been made (the "Receiving

17   Party") that the Discovery Material constitutes Confidential Material.

18       3.3.2  Upon receiving such notice, the Parties shall thereafter mark and

19   treat the Discovery Material so designated as Confidential Material, and such

20   Discovery Material shall be fully subject to this Order from the date of such

21   supplemental notice forward.

22       3.3.2.1    The Receiving Party, upon receipt of such notice

23   shall make a reasonable, good-faith effort to ensure that any analyses, memoranda,

24   notes, or other such materials generated based upon such newly designated

25   information are immediately treated as containing Confidential Material.

26       3.3.2.2    In addition, upon receiving such supplemental

27   written notice, any Receiving Party that disclosed the Discovery Material prior to its

28   designation as "Confidential" shall exercise its best efforts (i) to ensure the return or

destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 4.1.1 of this Order.

3.3.3 Any Party or non-Party retroactively designating as Confidential documents previously produced has the right in its discretion to provide a replacement production set with the same Bates numbers as the original, but with the Confidential designation appearing on the document(s) pursuant to Paragraph 3.1 of this Order.

3.3.3.1 Within fourteen (14) days of receipt of the replacement production set, each Receiving Party shall return the original production that bears the applicable Bates numbers or certify that the original production set has been destroyed.

3.3.4 Notwithstanding the foregoing, nothing in Paragraph 3.3 or the subparagraphs thereunder shall require any Party to violate its document retention policies as far as maintaining documents in their files.

**Access to and Use of Confidential Material**

4.1 <u>Basic Principles.</u>

4.1.1 A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation and shall not use it for any other purpose, including, without limitation, any business or commercial purpose or any other litigation or proceeding. However, the foregoing shall not apply to Discovery Material that is or becomes part of the public record, provided such prior

37254149.3

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:21-CV-06154 FMO(AFMX)

disclosure or public availability is not the result of wrongful or improper conduct, or in violation of a duty not to disclose.

4.1.2 Every person to whom Confidential Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

4.1.3  The Parties shall be allowed to apply, pursuant to Federal Rule of Civil Procedure 26(c), upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Order.

4.2    Categories of Persons to Whom Confidential Material May Be Disclosed.  Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose, summarize, describe, characterize, or otherwise communicate or make available Confidential Material, in whole or in part, only to the following persons:

4.2.1 The directors, officers, employees (including in-house counsel), general partners, and limited partners of the Receiving Party or of any subsidiary or affiliate thereof, to whom disclosure is reasonably necessary for the purpose of assisting in the prosecution or defense of the Litigation;

4.2.2 The Receiving Party's counsel of record in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) to whom it is reasonably necessary to disclose the information for the purpose of assisting in the prosecution or defense of the Litigation;

4.2.3 Subject to Paragraph 4.4, experts and consultants (including their partners, employees, and service vendors) to whom disclosure is reasonably necessary for such expert or consultant to prepare a written opinion, prepare to testify, or assist counsel in this Litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.2.4 Subject to Paragraph 4.5, witnesses or deponents, and their counsel to whom disclosure is reasonably necessary to conduct or prepare for depositions or testimony in this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.2.5 Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

4.2.6 Subject to Section 6, to any person as necessary to comply with a court order, regulatory audit, request from reinsurers, or as otherwise required by state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state or federal law or regulation;

4.2.7 The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

4.2.8 Copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the Party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any confidential material;

4.2.9 Mediators and/or Special Masters who may serve in this Litigation; and

37254149.3

[PROPOSED] STIPULATED PROTECTIVE ORDER
2:21-CV-06154 FMO(AFMX)

4.2.10    Jurors.

4.3    <u>Exclusion of Persons to Whom Disclosure Not Permitted.</u>  To the extent that testimony is sought concerning Confidential Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Material may not be disclosed to such person under the terms of this Order.

4.4    <u>Specific Provisions Regarding Disclosure of Confidential Material to Experts or Consultants.</u>  Notwithstanding Paragraph 4.2.3 above, Confidential Material may be provided to persons listed therein only to the extent that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any competitor of the Producing Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Discovery Material solely in connection with this Litigation. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of the Producing Party, or who is providing services to any of the foregoing, be provided access to Confidential Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.  Counsel for the Receiving Party showing, providing, or disclosing Confidential Material to persons listed in Paragraph 4.2.3 shall be responsible for obtaining the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from such person and retaining the original, executed copy thereof.

4.5    <u>Specific Provisions Regarding Disclosure of Confidential Material to Witnesses or Deponents.</u> Notwithstanding Paragraph 4.2.4 above, Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Order by

signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or (ii) a court of competent jurisdiction orders them to abide by the terms of the Order. Counsel for the Receiving Party showing, providing, or disclosing Confidential Material to persons listed in Paragraph 4.2.4 shall be responsible for obtaining the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from such person and retaining the original, executed copy thereof.

4.6 <u>Filing Confidential Material.</u>   Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes, characterizes or otherwise communicates Confidential Material must be filed with the Court under seal according to the process established by L.R. 79-5.2.

4.7 <u>Use of Confidential Material in Court Proceedings or Trial.</u>   Once a case proceeds to trial, information that was designated as Confidential Material and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. Accordingly, any use of Confidential Material at trial shall be governed by the orders of the trial judge, and this Order does not govern the use of Confidential Material at trial.

**Challenging Confidentiality Designations**

5.1 <u>Process for Challenges.</u>   During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Material pursuant to this Order.  The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Material,

37254149.3

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:21-CV-06154 FMO(AFMX)

1    which burden remains on the Party that designates such Discovery Material or

2    testimony as Confidential.

3         5.2    Timing of Challenges.   Unless a prompt challenge to a Producing

4    Party's confidentiality designation is necessary to avoid foreseeable, substantial

5    unfairness, unnecessary economic burdens, or a significant disruption or delay of the

6    litigation, a Party does not waive its right to challenge a confidentiality designation

7    by electing not to mount a challenge promptly after the original designation is

8    disclosed.

9    **Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

10        6.1    Obligations Upon Receipt of Demand.   If any person in possession of

11   Confidential Material (the "Receiver") receives a subpoena, court order, or other

12   compulsory process seeking the production or other disclosure of Confidential

13   Material produced or designated as "Confidential" by a Producing Party other than

14   the Receiver (collectively, a "Demand"), the Receiver shall:

15            6.1.1  Give written notice (by hand, email, or facsimile transmission) to

16   counsel for the Producing Party (or Producing Parties) within three business days of

17   receipt of such Demand (or if a response to the Demand is due in less than three

18   business days, at least 24 hours prior to the deadline for a response to the Demand),

19   identifying the Confidential Material sought and enclosing a copy of the Demand;

20            6.1.2  Promptly notify in writing the party who caused the Demand to

21   issue in the other litigation that some of all of the material covered by the Demand is

22   subject to this Order and enclose a copy of this Order;

23            6.1.3  Object to the production of the Confidential Material on the

24   grounds of the existence of this Order; and

25            6.1.4  Cooperate with respect to all reasonable procedures sought to be

26   pursued by the Producing Party whose Confidential Material may be affected.

27        6.2    Opposing Enforcement of the Demand.   The burden of opposing the

28   enforcement of the Demand will fall on the Producing Party. Nothing herein shall be

37254149.3

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:21-CV-06154 FMO(AFMX)

construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Material will not constitute a violation of this Order.

**Inadvertent Production of Privileged or Otherwise Protected Material**

7.1     Pursuant to Federal Rule of Evidence 502, the inadvertent or unintentional disclosure of information subject to a claim of privilege (including work-product immunity) shall not be deemed a waiver in whole or in part of the Producing Party's claim of privilege (including work-product immunity), either as to the specific information disclosed or as to any other related information.

7.2     The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) ("Clawback Order"), which has been separately stipulated to and submitted to the Court.

**Unauthorized Disclosure of Confidential Material**

8.1     Any violation of the terms of this Order, whether occurring before the formal entrance of this Order or otherwise, shall be subject to the full range of sanctions permissible under the Federal Rules of Civil Procedure.

8.2     No Receiver shall reveal any Confidential Material, or the information contained therein, to anyone not entitled to receive such Confidential Material under the terms of this Order.

8.3     If a Receiver learns that, by inadvertence or otherwise, it has disclosed Confidential Material, or the information contained therein, to any person or in any circumstance not authorized under this Order, the Receiver must immediately:

8.3.1 Notify in writing the Producing Party of the unauthorized disclosures, including all pertinent facts relating to the disclosure or loss of

1  confidentiality, including, if known, the name, address, and employer of each person

2  to whom the disclosure was made;

3              8.3.2  Use its best efforts to retrieve all unauthorized copies of the

4  Confidential Material and to prevent disclosure of Confidential Material by each

5  unauthorized person who receives the information;

6              8.3.3  Inform the person or persons to whom unauthorized disclosures

7  were made of all the terms of this Order; and

8              8.3.4  Request  that  such  person  or  persons  execute  the

9  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

10  A.

11  **Non-Termination and Return of Documents**

12          9.1    The confidentiality obligations imposed by this Order shall remain in

13  effect throughout and after the conclusion of the Litigation, including, without

14  limitation, any appeals therefrom, until a Producing Party agrees otherwise in writing

15  or a court orders otherwise.

16          9.2    Within sixty (60) days after receiving notice of the entry of an order,

17  judgment, or decree finally disposing of this Litigation, including the exhaustion of

18  all possible appeals, counsel for the Receiving Parties shall either return to counsel

19  for the Producing Party all Confidential Material, including all copies, excerpts, and

20  summaries thereof and all derivative works, stored in any form (including

21  Confidential Material in the possession, custody, or control of any authorized agents,

22  experts, or consultants) or destroy such Confidential Materials (including

23  Confidential Material in the possession, custody, or control of any authorized agents,

24  experts, or consultants).  Counsel for each Party must certify compliance with this

25  paragraph within this sixty-day period.  All materials returned to the Parties or their

26  counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

27  Nothing in this Order requires counsel to return or destroy e-mail communications

28  between counsel that reside in a digital format.

37254149.3

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:21-CV-06154 FMO(AFMX)

9.3    Notwithstanding Paragraph 9.2, nothing in this Order shall restrict or prevent:

9.3.1    Parties or their counsel from retaining copies of pleadings, motion papers (including exhibits), deposition and hearing transcripts (including exhibits), and the trial record (including exhibits) even if such materials contain Confidential Material, so long as materials containing Confidential Material are marked as Confidential;

9.3.2    Counsel for the Parties, including in-house counsel, from retaining in their files materials that contain or reflect Confidential Materials, but which also constitute or reflect counsel's work product, so long as such materials are marked as Confidential; or

9.3.3    Parties or their counsel from retaining files related to this Litigation, even if such files include Confidential Material, pursuant to their document retention policies, so long as materials that contain or reflect Confidential Materials are marked as Confidential and provided that such counsel, and employees of such counsel, and the Parties maintain the confidentiality thereof and do not disclose such Confidential Material to any person except pursuant to a court order, regulatory audit, as necessary to reinsurers, as otherwise required by state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state or federal law or regulation, or by agreement with the Producing Party.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Dated:       October 19, 2021            ROBINS KAPLAN LLP


By:/s/ Jason R. Fair
    Melissa M. D'Alelio
    Jason R. Fair

Attorneys for Defendants

37254149.3

- 14 -

1    Dated:        October 19, 2021        SHERNOFF BIDART ECHEVERRIA
2                                          LLP

3
4                                          By:/s/ Steven Schuetze
                                             Ricardo Echeverria
5                                            Steven Schuetze

6                                          Attorneys for Plaintiffs

7    p
8    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

9    Dated:        October 19, 2021

10

11

12                                         HON. ALEXANDER F. MacKINNON
                                           U.S. MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

37254149.3

[PROPOSED] STIPULATED PROTECTIVE
ORDER
2:21-CV-06154 FMO(AFMX)

**PROOF OF SERVICE**

I, Jason R. Fair, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2049 Century Park East, Suite 3400, Los Angeles, California  90067.

On October 19, 2021, I electronically filed the attached document:

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

> RICARDO ECHEVERRIA
> CHARLES MAYR
> SHERNOFF BIDART
> ECHEVERRIA LLP
> 600 South Indian Hill
> Boulevard
> Claremont, California 91711
> Telephone: (909) 621-4935
> Facsimile: (909) 625-6915

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 19, 2021, at Los Angeles, California.

/s/ Jason R. Fair

37254149.3

[PROPOSED] STIPULATED PROTECTIVE ORDER
2:21-CV-06154 FMO(AFMX)